IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETHAN EDWARDS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.CIV-24-193-D |
| | ) |
| USAA CASUALTY INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Currently before the Court is Defendant United Services Automobile Association's Motion to Dismiss [Doc. No. 4], filed under Fed. R. Civ. P. 12(b)(6).  For the following reasons, the Court finds that the Motion cannot properly be considered.

This case was removed to federal court by Defendant USAA Casualty Insurance Company ("CIC") based on diversity jurisdiction under 28 U.S.C. § 1332.  The Notice of Removal alleges that Plaintiffs fraudulently joined United Services Automobile Association ("USAA"), whose citizenship is not diverse, to prevent removal.  *See* Notice of Removal [Doc. No. 1], ¶¶ 17-21.  As stated by CIC, because USAA is not properly joined, USAA should be "disregarded to determine whether complete diversity exists under § 1332(a)(1)."  *Id*. ¶ 32.

The federal pleading standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal and requires a "plausible allegation" of jurisdictional facts.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).  A removing defendant need only

prove jurisdictional facts if they are contested by the plaintiff or questioned by the court. *See id.*; *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). To date, Plaintiffs have not challenged the allegations of the Notice of Removal, even though they stated in response to USAA's Motion that they anticipate filing a motion to remand. *See* Pls.' Resp. Br. [Doc. No. 11] at 1, n.1. Until CIC's allegations are disputed, they are accepted as true.

If USAA was fraudulently joined, the Court has no jurisdiction to resolve the merits of Plaintiffs' claims against it and USAA should be dismissed without prejudice. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013).[1] The Court cannot rule on the merits of claims over which it lacks jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95. Therefore, the Court cannot adjudicate USAA's Motion under Rule 12(b)(6). If Plaintiffs intend to challenge the Notice of Removal, Plaintiffs should do so by filing a motion to remand.

**IT IS THEREFORE ORDERED** that Defendant USAA's Motion to Dismiss [Doc. No. 4] is **DENIED**, as set forth herein, without prejudice to a future filing.

**IT IS SO ORDERED** this 10th day of July, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).