IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETHAN EDWARDS and BRITTANY HAMILTON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>USAA CASUALTY INSURANCE COMPANY and UNITED SERVICES AUTOMOBILE ASSOCIATION, )<br>)<br>Defendants. ) | Case No. CIV-24-193-D<br><br>**Remanded to Oklahoma County District Court, Case No. CJ-2023-4518** |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 16]. Defendant USAA Casualty Insurance Company (USAA CIC) has filed a response [Doc. No. 19], to which Plaintiffs replied [Doc. No. 20]. The matter is fully briefed and at issue.

### BACKGROUND[1]

Plaintiffs were injured in a car collision on June 20, 2022. At the time of the collision, Plaintiffs were "covered under policies of insurance written and administered by Defendants which provided medical payments coverage…." [Doc. No. 1-1, at 2]. Plaintiffs submitted their medical records and bills to Defendants and demanded they tender med-pay benefits to Plaintiffs. In July of 2022, Plaintiffs began receiving from USAA med-pay reimbursement checks at reduced amounts.

---

[1] As the Court construes factual issues in favor of Plaintiffs for purposes of their motion to remand, the factual background is as alleged in Plaintiffs' Petition [Doc. No. 1-1].

1

Plaintiffs allege, upon information and belief, that USAA contracted with a third-party provider, Concentra Integrated Services, Inc. d/b/a Auto Injury Solutions (AIS) to audit medical bills submitted for med-pay claims. Plaintiffs further allege that AIS deemed certain medical services received by Plaintiffs as either not medically necessary or excessive. Thereafter, "USAA relied solely on the AIS review and report to reduce or deny Plaintiffs' med-pay claims." [Doc. No. 1-1, at 3].

Plaintiffs filed their action in state court on August 14, 2023, bringing claims against USAA and USAA CIC for breach of contract and breach of the duty of good faith and fair dealing. USAA CIC removed the case to this Court on February 29, 2024. In its notice of removal [Doc. No. 1], USAA CIC contends that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Although USAA is a non-diverse party, USAA CIC alleges that USAA was fraudulently joined by Plaintiffs to defeat diversity jurisdiction.

On August 28, 2024, Plaintiffs filed the present motion to remand, arguing that USAA CIC has not met its "heavy burden" to show fraudulent joinder in this case.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, USAA CIC

must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," USAA CIC must show that there is no possibility that Plaintiffs would be able to establish a cause of action against USAA in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. Factual issues and legal ambiguities must be resolved in favor of the plaintiff. *See Dutcher*, 733 F.3d at 988 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

3

## DISCUSSION

Plaintiffs assert claims against USAA for breach of contract and bad faith. "Remand is required if any one of the claims against the non-diverse defendant is possibly viable." *Ferrell v. BGF Global, LLC*, No. CIV-15-404-D, 2015 WL 6438988, at *2 (W.D. Okla. Oct. 21, 2015) (citing *Montano*, 2000 WL 525592, at *2).

Under Oklahoma law, "[t]he elements of a bad faith claim against an insurer are: (1) the insured was entitled to coverage under the policy; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the insured; and (4) the insurer's violation of the duty of good faith was the direct cause of the insured's injury." *Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.*, 720 F.3d 798, 810 (10th Cir. 2013).

USAA CIC asserts that USAA was fraudulently joined because Plaintiffs cannot state viable claims against USAA, a stranger to the insurance policy, for breach of contract or bad faith. However, a third party may be liable for bad faith "when a third party stranger to the insurance contract acts so like an insurer that the third party develops a special relationship with the insured, and that third party possesses power, motive, and opportunity to act unscrupulously." *Hensley v. State Farm Fire & Cas. Co.*, 2017 OK 57, ¶ 18, 398 P.3d 11, 18. A stranger to an insurance policy may also be held vicariously liable by piercing the actual insurer's corporate veil. *See, generally, Oliver v. Farmers Ins. Grp. of Cos.*, 1997 OK 71, 941 P.2d 985. Although USAA CIC acknowledges that a stranger to the insurance policy may be held liable under these exceptions, USAA CIC contends that neither exception applies to USAA.

Plaintiffs allege that: USAA is a reciprocal interinsurance exchange; USAA CIC is part of the USAA reciprocal interinsurance exchange; USAA CIC is under the operation and control of USAA; Plaintiffs were covered under policies of insurance written and administered by Defendants, which policies included med-pay coverage; Plaintiffs submitted medical bills and records to Defendants for reimbursement; USAA began reducing Plaintiffs' med-pay reimbursement checks in July of 2022; in doing so, USAA relied solely on AIS' determination that some of Plaintiffs' medical services rendered were not medically necessary or were billed excessively; and under the policies at issue, USAA had assumed the responsibility and obligation to determine and pay all reasonable medical expenses. Plaintiffs further allege that Defendants delegated their duty to conduct an independent investigation as to the reasonableness of Plaintiffs' medical expenses and utilized a scheme to unilaterally reduce or deny medical payments based solely on AIS' determinations of reasonableness.

Upon careful consideration of the record, the Court finds that USAA CIC has not met its "heavy burden" to show – with complete certainty – that there is no possibility that Plaintiffs would be able to establish a cause of action against USAA in state court. The Court finds that Plaintiffs' allegations are minimally sufficient to show a possibility of recovery against USAA. *See Wallace v. Golden Rule Ins. Co.*, No. CIV-22-878-PRW, 2023 WL 6380016, at *5 (W.D. Okla. Sept. 29, 2023) (noting the Oklahoma Supreme Court's recognition of claims against a non-party to an insurance contract when there is a special relationship between the plaintiff and non-party). Construing factual issues in favor of

Plaintiffs, the Court finds that USAA CIC has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. No. 16] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 11th day of October, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge